IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01443-MSK-KLM

JON STEPHAN VAUPEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    The above-captioned case was recently reassigned to this Court [Docket No. 45], and the Scheduling Conference set by the former Magistrate Judge was vacated [Docket No. 44]. This matter is before the Court to set a new Scheduling Conference and on Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss [Docket No. 32; Filed April 2, 2008] ("Motion to Stay"). Plaintiff filed a response to the Motion on May 15, 2008, indicating that he was opposed to a stay and intended to file a second amended complaint [Docket No. 39], and Defendant filed a reply [Docket No. 46]. The Motion is now fully briefed and ripe for resolution. Plaintiff is proceeding *pro se* and the Court gives him the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Plaintiff filed a complaint against the United States and asserted claims pursuant to the Federal Tort Claims Act [Docket No. 3; Filed July 10, 2007]. He filed an amended complaint on September 12, 2007 [Docket No. 10]. On November 30, 2007, Defendant

filed a Motion to Dismiss the amended complaint based, in part, on the doctrine of sovereign immunity [Docket No. 20]. Plaintiff has not responded to the Motion to Dismiss nor received permission to file a response out of time.[1] The Motion to Dismiss has not been referred to this Court for resolution.

The Motion to Dismiss asserts jurisdictional defenses to Claims I through IV & VII through IX of Plaintiff's amended complaint. It also asserts defenses on the merits as to those claims, as well as to Plaintiff's remaining claims, Claims V & VI. Although Plaintiff has expressed his intention to file a second amended complaint, the Court notes that (1) Plaintiff must move for and be granted permission to take such an action pursuant to Fed. R. Civ. P. 15(a), and (2) Plaintiff's request to file a second amended complaint may be viewed critically given his failure to timely respond to the Motion to Dismiss. In regard to the Motion to Stay, the Court bases its ruling on the state of the docket at this time.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED in part and DENIED in part.** Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court

---

[1] The Court notes that Plaintiff has twice moved for an extension of time to respond to the Motion to Dismiss [Docket Nos. 21 & 23], but both requests were summarily denied by the District Court due to Plaintiff's failure to comply with the Federal and Local Rules of Civil Procedure [Docket Nos. 22 & 24]. Plaintiff asked for the District Court to reconsider the second denial of his motion for an extension, and the Court granted the motion and agreed to "reconsider the Motion for Extension of Time upon its re-filing" [Docket No. 24]. However, Plaintiff failed to refile the motion, and has not been granted an extension of time. Pursuant to D.C. Colo. L. Civ. R. 7.1(C), Plaintiff's deadline for responding to the Motion to Dismiss has passed.

may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a partial stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendant of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendant's burden. Here, Defendant filed a Motion to Dismiss the claims against it, in part, on the grounds of lack of jurisdiction, including sovereign immunity. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance*

*Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while its Motion to Dismiss is pending.[2]

The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not prompt a different result. *See String Cheese*, 2006 WL 894955, at *2. However, the mere pendency of a Motion to Dismiss on jurisdictional grounds does not entitle Defendant to a complete and indefinite stay. *Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004) (limiting stay of discovery to claims subject to dismissal on jurisdictional grounds only). Because dismissal of Claims V & VI is not sought on jurisdictional grounds, the Court finds that discovery as to those claims should proceed. Accordingly,

IT IS FURTHER **ORDERED** that discovery is **STAYED** as to Claims I through IV and VII through IX of Plaintiff's amended complaint until the District Court resolves the pending Motion to Dismiss. While discovery is not stayed as to Claims V & VI, the parties are directed not to propound discovery until discovery parameters are set via a Scheduling Order.

IT IS FURTHER **ORDERED** that a Scheduling Conference is set for **June 25, 2008**

---

[2] Plaintiff indicates his intention to file a response to the pending Motion to Dismiss "shortly," presumably without the benefit of discovery. Response at 3 [Docket No. 39]. However, he also indicates that he needs discovery to be able to respond to the pending Motion to Dismiss. *Id.* at 5. The Court is unable to assess the value of these contradictory statements in determining the potential prejudice to Plaintiff of granting the Motion to Stay. First, the deadline for Plaintiff to respond to the Motion to Dismiss has passed, and it is unclear whether the District Court will give Plaintiff leave to file a late response; and second, motions to dismiss are generally decided on the merits of the complaint alone, without the benefit of discovery. It is unclear whether the District Court will consider materials outside the complaint or whether any discovery Plaintiff could propound would aid him in his response to the Motion to Dismiss, should he be permitted to file one.

**at 10:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. If this date is not convenient for any counsel/pro se party, he/she shall **file a motion** to reschedule the conference to a more convenient date, and shall list dates in the motion which are available for <u>all</u> counsel/pro se parties. Further, a party wishing to appear to telephonically must **file a motion** after conferring with the opposing party. All motions relevant to the Scheduling Conference must be filed within **five (5) days** of the date of the conference.

The Court notes that in preparation for the formerly scheduled Scheduling Conference, Defendant submitted a proposed Scheduling Order without the assistance of Plaintiff [Docket Nos. 42 & 43]. Pursuant to D.C. Colo. L. Civ. R. 16.1, <u>Plaintiff</u> is required to prepare the proposed Scheduling Order. This requirement is not waived because Plaintiff appears without counsel. Accordingly, pursuant to this Order setting a new Scheduling Conference date, the parties shall submit a revised proposed Scheduling Order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures. Deadline for submission of the proposed Scheduling Order is on or before **June 20, 2008.**

Parties shall submit a brief Confidential Settlement Statement in PDF format to [Mix_Chambers@cod.uscourts.gov.](mailto:Mix_Chambers@cod.uscourts.gov) on or before **June 20, 2008.** Parties not participating in ECF shall submit their confidential settlement statement, on paper by delivering to the office of the Clerk of the Court or by mailing directly to Magistrate Judge Mix at the Byron G. Rogers Courthouse, 1929 Stout St., Denver, CO 80294. The envelopes shall be marked "Private per Magistrate Judge Mix' Orders."

Anyone seeking entry into the Byron G. Rogers United States Courthouse must

show valid photo identification.  *See* D.C.COLO.LCivR 83.2B.

Dated: June 3, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix