IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01443-PAB-KLM

JON STEPHAN VAUPEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on an Order to Show Cause why Plaintiff's case should not be dismissed for his failure to prosecute and comply with Court Orders [Docket No. 61]. On November 17, 2008, I gave Plaintiff a final opportunity to move forward with his case, which has been pending for more than a year and a half without any meaningful progression. I noted that good cause could not be shown by contending that Plaintiff needed counsel or based upon the fact that he lives or was traveling outside the United States. *Order to Show Cause* [#61] at 2. Plaintiff timely responded to the Order to Show cause on December 12, 2008 [Docket No. 62]. Despite my clear warning, Plaintiff blamed his inability to meaningfully pursue his case on his lack of counsel, his location abroad, and his busy travel schedule. *Response* [#62] at 4-7.

**I. Background**

    Plaintiff's case has been pending since June 2007. Plaintiff's voluminous complaint asserts claims against the United States pursuant to the Federal Tort Claims Act.

*Complaint* [#10] at 22-59. Plaintiff is a citizen of Australia. *Id.* at 7. His claims center around events allegedly dating as far back as 1995 regarding Plaintiff's unsuccessful attempts to become a permanent resident of the United States and his marriage to an American citizen. The couple eventually separated and Plaintiff's wife withdrew her sponsorship of his application for permanent residency before such could be obtained. *Id.* at 10. She also allegedly asserted false criminal charges against him which ultimately led to his deportation, despite the fact that he was acquitted of the charges. *Id.* at 13-14. Plaintiff sues the United States based upon the alleged conduct of agents from Immigration Control Enforcement ("ICE"), United States Customs and Immigration Services ("USCIS"), and the Federal Bureau of Investigation ("FBI").

After preliminary review of his complaint, Plaintiff's case was assigned to District Judge Marcia S. Krieger and Magistrate Judge Michael E. Hegarty [Docket Nos. 14 & 27]. Defendant filed a Motion to Dismiss on November 30, 2007 [Docket No. 20]. Plaintiff sought several extensions of his deadline to respond to the Motion to Dismiss [Docket Nos. 21, 23 & 25], but ultimately did not comply with Judge Krieger's rulings on his motions [Docket Nos. 22, 24 & 26] and did not respond to the Motion to Dismiss. Based upon this failure, Judge Krieger noted that "[a]rguably, the Court could deem the motion to be confessed." *Order* [#49] at 6. However, Judge Krieger denied the Motion to Dismiss without prejudice. Because of the unclear nature of the claims and relief sought by Plaintiff, she determined that prior to dismissing any of Plaintiff's claims, "the judicial process [would] be best assisted if he [was] represented by counsel." *Id.* at 6-7. Judge Krieger also set a pleading amendment deadline if counsel did not volunteer to represent him in order to afford Plaintiff a final chance to clarify his claims and prosecute his case. *Id.* at 7. Judge

Krieger emphatically indicated that Plaintiff's failure to timely comply with her Order would prompt the Court to dismiss Plaintiff's case "for a failure to prosecute." *Id.* Plaintiff's case has now been reassigned to District Judge Phillip A. Brimmer and this Court [Docket Nos. 45 & 55].

Counsel did not volunteer to represent Plaintiff. In addition, Plaintiff failed to meet Judge Krieger's pleading amendment deadline. Rather, he filed a motion to extend the deadline due to his prolonged international travel and inability to obtain counsel [Docket No. 56]. The Court denied the motion on two grounds: (1) Plaintiff failed to confer as required by D.C. Colo. L. Civ. R. 7.1(A); and (2) he failed to provide good cause for the extension [Docket No. 60]. Thereafter, the Court issued an Order to Show Cause why his case should not be dismissed [Docket No. 61]. As noted above, I informed Plaintiff that good cause for proceeding with this case could not be shown on the basis of Plaintiff's international travel or his inability to secure an attorney to represent him. *Order to Show Cause* [#61] at 2. I also specifically found that considering the case's history, Plaintiff has failed to adequately prosecute his case and to meaningfully comply with Judge Krieger's prior Order. *Id.* at 1-2. More specifically, despite the length of time this case has been pending, no case deadlines have ever been set, no discovery has been conducted, and as noted by Judge Krieger, Plaintiff's complaint is in need of revision before the case should be allowed to proceed. *See Order* [#49] at 6-7. While Plaintiff had ample opportunity to amend his complaint, he failed to timely do so or provide good cause for his failure. From this, I conclude that Plaintiff, and Plaintiff alone, is responsible for the unreasonable delay and precarious state of his case.

## II. Plaintiff's Response to the Order to Show Cause

Plaintiff acknowledges that he is responsible "for becoming complacent and for not completely keeping himself abreast of this situation." *Response* [#62] at 8. He also contends that his lack of legal training, his *pro se* status, the logistical issues of prosecuting his case from a remote location in Australia, the complexities of the case, and a recent illness should be taken into consideration. *Id.* at 4-8. The Court agrees that Plaintiff's *pro se* status entitles him to liberal treatment where his pleadings are concerned. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's pleading] or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As I interpret Plaintiff's Response to the Order to Show Cause, Plaintiff contends that he cannot meaningfully participate in the prosecution of his case for a myriad of reasons until either: (1) he obtains counsel, or (2) Defendant provides him with the legal materials relevant to the potential claims he may pursue. Until such time as either option occurs, Plaintiff requests that the Court stay his case. *Response* [#62] at 8-9. As to option one, the Court has already placed Plaintiff on the list of individuals in need of volunteer counsel [Docket No. 49]. After more than six months, no counsel has stepped forward to represent him. Essentially, during this time period, Plaintiff's case has been in limbo, and the Court notes that despite the case's pendency since June 2007, no scheduling conference has been held (which is usually conducted within sixty days of the inception of

4

a case). Plaintiff has also been unsuccessful in his efforts to independently obtain counsel. At this point, there is nothing else the Court can do to secure counsel for Plaintiff. The Court is without authority to appoint counsel for Plaintiff against his/her will. Except in circumstances not relevant here, my "appointment" authority is limited to seeking volunteer counsel for Plaintiff. *See* 28 U.S.C. § 1915 ("The court may request an attorney to represent any person unable to afford counsel."); *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Loftin v. Dalessandri*, 3 Fed. Appx. 658, 663 (10th Cir. 2001) (recognizing that "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case"); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent litigant). Therefore, the Court cannot provide Plaintiff the relief that he seeks in option one.

As to option two, it is neither the Court's nor Defendant's responsibility to provide Plaintiff with the legal tools to litigate his case. Plaintiff is a voluntary litigant in a federal lawsuit. Quite simply, Plaintiff has chosen to file this lawsuit knowing the difficulties he would face given his *pro se* and international status and limited access to legal materials. It is his responsibility to manage his case, and the Court cannot assist him by providing legal materials, particularly given that the Court does not provide this courtesy to other parties who appear before it. Despite the fact that Plaintiff is *pro se*, it is his responsibility to proceed with his case, follow the Federal and Local Civil Rules, and obtain the legal tools necessary to assist him in this process. *See generally Green v. Dorrell*, 969 F.2d 915, 917

(10th Cir. 1992). Therefore, the Court cannot provide Plaintiff the relief that he seeks in option two.[1]

### III. Recommendation

The Court is mindful of Plaintiff's request to take his unique circumstances into consideration prior to recommending that his case be dismissed. The Court notes that Plaintiff is in a more difficult situation than most *pro se* litigants who prosecute cases in federal court. While I ultimately do not find that Plaintiff is entitled to Court-appointment of involuntary counsel or the provision of legal materials, I do find that Plaintiff's situation merits a thoughtful and measured approach. Although it is within my authority to recommend that Plaintiff's case be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b) and the standards enunciated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), I recommend instead that Plaintiff's case be administratively closed pursuant to D.C. Colo. L. Civ. R. 41.2. Administrative closure is preferable here because: (1) it provides Plaintiff with some measure of the relief that he seeks, i.e., a stay of his case until his circumstances change and he can meaningfully prosecute it; and (2) it provides finality to the Court and the parties as to length of the "stay," while at the same time relieving the

---

[1] Plaintiff also requests that he be given access to the Court's electronic case filing system ("ECF") to better assist the docketing of his pleadings and to more quickly give him notice of the Court's Orders. ECF is generally reserved for individuals licensed to practice law; however, a nonprisoner *pro se* party "may apply to register as a participant in ECF by completing the ECF Registration Form - PRO SE and submitting it to the Clerk's Office. If the applicant is approved by the court," he may file pleadings electronically and receive electronic notices when there is activity on the docket. *See* http://www.cod.uscourts.gov/CMECF /CMECF_ActReg.aspx. The Court is unaware of whether Plaintiff has applied to register to participate in ECF. To the extent that Plaintiff would like to pursue this option, the Court has attached a copy of the ECF Registration Form - PRO SE and the instructions to this Recommendation. The Court notes, however, that to participate as an ECF user, there are fees and other obligations that a user must be aware of which the Court does not detail here. *See* http://www.cod.uscourts.gov/CMECF/CMECF.aspx.

Court's busy docket.  *See generally Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994).

I RESPECTFULLY **RECOMMEND** that Plaintiff's case be **ADMINISTRATIVELY CLOSED** for a period of six months, subject to being reopened upon a showing of good cause.  *See* D.C. Colo. L. Civ. R. 41.2.

If Plaintiff's circumstances do not change within six months, i.e., if he does not secure counsel or if he does not feel that he has the ability to effectively litigate his case *pro se* given the materials available to him, the administrative closure will "mature[] into a dismissal."  *Morris*, 39 F.3d at 1109 (citation omitted).  If, during the six-month period, Plaintiff secures counsel, if he obtains the legal materials that he feels he needs to go forward, or if he is ready to meaningfully undertake the prosecution of his case based upon the materials he possesses, he may move to reopen the case on those grounds or any other grounds that he feels support a showing of good cause.

I FURTHER **RECOMMEND** that Plaintiff's case be kept on the Clerk of Court's list of individuals in need of volunteer counsel during the period of administrative closure.

I FURTHER **RECOMMEND** that the Order to Show Cause [#61] be **DISCHARGED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 17, 2008

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge