IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01443-PAB-KLM

JON STEPHAN VAUPEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER DISMISSING CASE**
_____

This matter is before the Court on plaintiff's motion to amend his complaint [Docket No. 78]. The motion was referred to Magistrate Judge Kristen L. Mix and was fully briefed by the parties. Because the motion to amend was dispositive of plaintiff's claims, the magistrate judge issued a Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 89], recommending that the motion be denied and the case dismissed. Plaintiff filed a timely objection to the Recommendation [Docket No. 90][1]. The Court takes up the motion in light of plaintiff's objections and conducts the requisite de novo review.

---

[1] Plaintiff subsequently filed a second, identical copy of his objection. *See* Docket No. 92.

**I. BACKGROUND**

The Recommendation includes a detailed recitation of both the facts alleged in plaintiff's proposed amended complaint and the lengthy procedural history of this case. The Court will not restate those facts here.

**II. ANALYSIS**

The magistrate judge concluded that, although the proposed amended complaint was not unduly delayed and would not cause undue prejudice to defendants, allowing it would be futile because the Court either did not have jurisdiction over plaintiff's proposed claims or the claims failed to state a plausible claim for relief.

**A. Claims against Individual Defendants**

Plaintiff's proposed amended complaint seeks to bring claims against Mario R. Ortiz, District Director for the United States Citizenship and Immigration Services ("USCIS") office in Denver, Colorado, and John N. Sampson, Deportation Officer employed by Immigration and Customs Enforcement ("ICE"), and cites *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as its jurisdictional basis. *See* Docket No. 78-1 at 2. The magistrate judge found that plaintiff had not properly pled *Bivens* causes of action against these individuals, as the proposed amended complaint did not adequately plead any constitutional violations. Plaintiff objects, stating that he laid out the constitutional violations adequately in his reply in support of his motion to amend. *See* Docket No. 84. The Court declines to look to the reply for factual allegations missing from the proposed complaint, as plaintiff is represented by counsel and the Court is limited to a review of the proposed amended

complaint to determine whether allowing amendment would be futile. *See Hawkinson v. Montoya*, 385 F. App'x 836, 840 (10th Cir. 2010) (futility analysis looks to whether claims "as alleged in the amended complaint" would survive a motion to dismiss).[2]

Reviewing the proposed amended complaint, the Court agrees with the magistrate judge and finds that plaintiff did not state a *Bivens* claim for any constitutional violations against District Director Ortiz and Officer Sampson. Although plaintiff's allegations allude to a denial of procedural due process, *see* Docket No. 78-1 at 5 ¶¶ 21, 24, plaintiff does not include a denial of due process claim in his claims for relief. *See id.* at 10-12. Moreover, even looking to the complaint as a whole, plaintiff does not state a claim for a due process violation because he does not allege what process he was improperly denied. *See Thompson v. Winn*, No. 07-cv-00025-MSK-KLM, 2008 WL 901570 at *3 (D. Colo. Mar. 31, 2008) ("To state a claim for the denial of procedural due process, [plaintiff] must allege: (1) that he was deprived of a liberty or property interest; (2) without constitutionally adequate process."). Therefore, the Court will deny plaintiff's motion to amend as to his claims against District Director Ortiz and Officer Sampson because those claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Claims against the United States

Plaintiff's proposed amended complaint also brings tort claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The

---

[2] Similarly, the Court declines plaintiff's invitation to look to an earlier version of the amended complaint which the Court struck because plaintiff filed it without an accompanying motion to amend. *See* Docket No. 76.

FTCA is the "exclusive remedy for tort actions against the federal government, its agencies and employees" and is a limited waiver of the federal government's sovereign immunity from private suit. *See Wexler v. Merit Sys. Protection Bd.*, 986 F.2d 1432 (10th Cir. 1993) (table). Where the FTCA does not waive sovereign immunity for a particular claim, the Court does not have jurisdiction over the claim and it is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Brown v. United States*, 384 F. App'x 815, 818 (10th Cir. 2010) (upholding dismissal of detention of property claim under FTCA for lack of jurisdiction). The Court will examine each of plaintiff's claims in turn.

### 1. Fraud

Plaintiff attempts to bring a claim for fraud against the United States; however, fraud is excepted from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h) (provisions of FTCA do not apply to "any claim arising out of . . . deceit"); *Wexler*, 986 F.2d 1432. Therefore, the Court does not have jurisdiction over plaintiff's fraud claim, and it would be futile to allow amendment of this claim as it is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Interference with Contract

The FTCA also exempts claims for interference with contract, *see* 28 U.S.C. § 2680(h) (exempting "any claim arising out of . . . interference with contract rights"), and it would be futile to allow amendment of this claim as it is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### *3. Abuse of Process*

As the magistrate judge correctly noted, the FTCA waives immunity for a limited range of abuse of process claims. The Court only has jurisdiction over claims based on "acts or omissions of investigative or law enforcement officers of the United States Government." *See* 28 U.S.C. § 2680(h). The FTCA defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Analysis of the Court's jurisdiction over plaintiff's abuse of process claim therefore turns on whether District Director Ortiz and Deportation Officer Sampson, the only federal officers named in the proposed amended complaint, were "investigative or law enforcement" officers. *See id.*

The magistrate judge found that District Director Ortiz was not an "investigative or law enforcement officer" based on a declaration from Ortiz. *See* Docket No. 83-4. Plaintiff now objects that consideration of this extrinsic evidence was improper absent the Court's conversion of the motion to one for summary judgment; however, when considering a motion under Fed. R. Civ. P. 12(b)(1) alleging the Court's lack of subject matter jurisdiction, the Court "has wide discretion to allow affidavits, [and] other documents" and the Court's "reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Therefore, the magistrate judge properly considered Ortiz's declaration as to his duties, and the Court agrees with the magistrate judge's conclusion that Ortiz was not an investigative or law enforcement officer as defined in

28 U.S.C. § 2680(h).  Plaintiff attaches a job description for a Supervisory Adjudications Officer at USCIS to his objection, but this description does not show that USCIS officers are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law" as required by the statute.  *See* 28 U.S.C. § 2680(h); Docket No. 90-1.  As a result, the Court does not have jurisdiction over plaintiff's proposed claim for abuse of process insofar as it arises out of the actions of District Director Ortiz.

On the other hand, Sampson, a deportation officer, was an investigative or law enforcement officer under the FTCA.  *See* 8 C.F.R. § 287.5(c)(1)(iii).  However, the Court agrees with the magistrate judge that plaintiff has failed to state a claim for abuse of process arising from Deportation Officer Sampson's acts or omissions because the proposed amended complaint lacks any allegation that Sampson possessed an improper purpose for his actions.  *See Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006).  Plaintiff's objection continues to assert that District Director Ortiz had an improper motive for deporting plaintiff; however, plaintiff does not allege any connection between Ortiz and Sampson that would allow an inference that Sampson was acting on Ortiz's behalf.  Therefore, it would be futile to allow amendment of this claim as it is subject to dismissal for failure to state a claim insofar as it arises out of Sampson's actions.

### *4. False Imprisonment*

The FTCA allows for claims of false imprisonment, but restricts them to those arising from the actions of investigative or law enforcement officers, *see* 28 U.S.C. § 2680(h); thus, plaintiff can only base his false imprisonment claim on the actions of

Deportation Officer Sampson.  False imprisonment requires allegations of unlawful restraint on an individual's freedom.  *See McDonald v. Lakewood Country Club*, 461 P.2d 437, 440 (Colo. 1969).  Plaintiff's proposed amended complaint does not sufficiently allege that Sampson's detention of plaintiff was unlawful.  Plaintiff alleges that Sampson filed a "no bond hold" with the Jefferson County Sheriff's Office, preventing plaintiff's release from Jefferson County, but he also alleges that this "no bond hold" was filed pursuant to criminal charges then pending against plaintiff, for which Deportation Officer Sampson was not responsible.  *See* Docket No. 78-1 at 7 ¶ 43.  Plaintiff next alleges that Sampson demanded plaintiff's bond be revoked during his preliminary hearing and threatened to strip the court of jurisdiction should it not do so, but he does not allege that this request was unlawful.  *See id.* at 8 ¶ 44.  Neither of these allegations states a plausible claim for false imprisonment arising from Deportation Officer Sampson's actions, and it would be futile to allow amendment of this claim as it is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### 5. Negligence

The magistrate judge recommended that the Court dismiss plaintiff's negligence claim for lack of subject matter jurisdiction because plaintiff had not properly exhausted his administrative remedies by first presenting his claim to the appropriate federal agency as required by the FTCA.  *See Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).  The Court agrees.  Plaintiff's administrative claim, attached to his original complaint, states facts in support of a

negligence claim that are different from the facts underlying the negligence claim in his proposed amended complaint. See Docket No. 3 at 62-63. Because exhaustion of an FTCA claim is jurisdictional, plaintiff bears the burden of showing he has exhausted his claim. See *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *D'Addabbo v. United States*, 316 F. App'x 722, 724-25 (10th Cir. 2008). Here, plaintiff fails to carry his burden as to exhaustion. Thus, it would be futile to allow amendment of this claim as it is subject to dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 6. *Intentional Infliction of Emotional Distress*

The Court agrees with the magistrate judge that plaintiff has failed to allege conduct so extreme and outrageous as to state a claim for intentional infliction of emotional distress. See *Han Ye Lee v. Colorado Times, Inc.*, 222 P.3d 957, 963 (Colo. App. 2009) (intentional infliction of emotional distress requires "conduct [] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (quoting *Rugg v. McCarty*, 476 P.2d 753, 756 (1970)). As the magistrate judge noted, plaintiff's detention pending removal was found to be lawful. *Vaupel v. Ortiz*, 05-cv-00327-WDM-MJW [Docket No. 50]. Although the court in plaintiff's earlier case was "troubled by evidence that suggests Vaupel's ex-wife [was] involved with defendant Mario Ortiz," it found that Ortiz did not deny plaintiff's I-485 application until after his ex-wife withdrew her petition in support, making the denial proper. See *id.* at 3. Therefore, the Court finds that it would be futile to allow plaintiff to amend his complaint

as to his intentional infliction of emotional distress claim because the claim would be subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### 7. Civil Conspiracy

The Court agrees with the magistrate judge's finding that the proposed amended complaint fails to state a claim for civil conspiracy. Plaintiff nowhere alleges any kind of agreement between two or more persons, a necessary component of any conspiracy. *See Magin v. DVCO Fuel Sys., Inc.*, 981 P.2d 673, 674 (Colo. App. 1999) (civil conspiracy requires showing "an agreement by two or more persons"). Therefore, the Court will deny the motion to amend as futile as to this claim because it is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### 8. Breach of Fiduciary Duty

Finally, the Court agrees with the magistrate judge that plaintiff's proposed amended complaint fails to contain any facts tending to show a breach of fiduciary duty. Plaintiff's objection states that "[w]hether Defendants owed Vaupel a fiduciary duty maybe a novel issue." Docket No. 90 at 12. "A fiduciary relation exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation." Restatement Second of Torts § 874, Comment a. Plaintiff has alleged no facts tending to show that the United States or the immigration officers involved in this case were under a duty to act for plaintiff. *See id.* Therefore, the Court will deny the motion to amend as futile as to this claim because it is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

The Court, having found plaintiff's proposed amended complaint deficient, will deny the motion to amend complaint as futile. As Judge Krieger's original order instructed plaintiff to file an amended complaint after he was appointed counsel or risk dismissal, *see* Docket No. 49, and plaintiff has admitted that his original complaint was deficient, *see* Docket No. 78 at 5, Court finds that dismissal of this case is now appropriate. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 89] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion for Leave to File Amended Complaint and to Add Additional Defendants [Docket No. 78] is **DENIED**. It is further

**ORDERED** that plaintiff's Objection to the Recommendation of the United States Magistrate Judge [Docket No. 90] is **OVERRULED**. It is further

**ORDERED** that this case is dismissed.

DATED May 31, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge